**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PH4 Corporation, and Del Webb Corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>Sun City Real Estate, LLC, and Sharon Jones,<br><br>        Defendants. | No. CV 08-0501-PHX-SMM<br><br>**ORDER** |

      Pending before the Court is Plaintiffs PH4 Corporation and Del Webb Corporation's ("Plaintiffs") Motion for Default Judgment (Dkt. 22) and Motion for Attorneys' Fees (Dkt. 29).

**BACKGROUND**

      Plaintiffs filed their complaint on March, 13, 2008, alleging claims for trademark and trade name infringement and unfair competition under 15 U.S.C. §§ 1114 and 1125(a), A.R.S. §§ 44-1451 and 44-1460.05, and the common laws of the State of Arizona. Plaintiffs also alleged a claim for unjust enrichment under the common law of the State of Arizona. Defendants Sharon Jones and Sun City Real Estate, LLC ("Defendants") were properly served on May 17, 2008. Although Defendant Sharon Jones entered a pro se notice of appearance on June 10, 2008 (Dkt. 14), neither of the Defendants filed an answer to the complaint.

      Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of Court entered default in this matter on June 23, 2008. Subsequently, Plaintiffs filed a Motion for

Default Judgment on September 23, 2008 (Dkt. 22). Plaintiffs requested a number of different remedies, including a permanent injunction, as well as attorneys' fees. The Court held a hearing on October 9, 2008 to determine the amount of damages sustained by Plaintiffs as a result of Defendants' actions. At the hearing, Plaintiffs stated that they were only seeking a permanent injunction and attorneys' fees. Defendant Sharon Jones contested the awarding of attorneys' fees, and the Court advised the parties to reach an agreement regarding attorneys' fees. The Court gave Plaintiffs until October 24, 2008 to file a motion for attorneys' fees.

On October 24, 2008, Plaintiffs filed a Motion for Attorneys' Fees and stated that "the parties were unable to come to an agreement regarding fees" (Dkt. 29). The Court then issued an Order stating that pursuant to Fed. R. Civ. P. Rule 54(d) and LRCiv 54.2(b), "the last day for Defendants Sun City Real Estate, LLC and Sharon Jones to file a response to the motion for attorney fees is November 17, 2008" (Dkt. 30, Order dated October 28, 2008). Defendants did not file a response to the motion for attorneys' fees.

**STANDARD OF REVIEW**

It is within the district court's discretion whether or not to enter default judgment. Albade v. Albade, 616 F.2d 1089, 1092 (9th Cir. 1980). Seven factors are generally considered before entering default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy ... favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

**DISCUSSION**

The Complaint in this matter was served upon Defendants on May 17, 2008 and proof of service was filed (Dkts. 15 and 16). Cf. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default judgment void without personal jurisdiction). The Clerk of Court entered default against Defendants on June 23, 2008.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Entry of default is proper where, as in the present case, the facts established by the default support the causes of action pled in the Complaint. The Complaint also supports the finding that Plaintiffs are entitled to the relief requested in the memorandum in support of default judgment, which does not differ in kind from the relief requested in the Complaint. Henry v. Sneiders, 490 F.2d 315, 317 & n.2 (9th Cir. 1974). Moreover, there are no policy considerations to preclude the entry of default judgment of the type requested. See Eitel, 782 F.2d 1at 1471-1472.

In their Complaint, Plaintiffs requested relief in the form of a permanent injunction and attorneys' fees. Plaintiffs also requested various other remedies, but no longer seek them.

**I.    Permanent Injunction**

    **A.    Availability under Federal and State Law**

Under A.R.S. § 44-1451, the owner of a registered mark may proceed by civil action against any person who infringes upon his mark by, among other things, using the registered mark in connection with services that is likely to cause confusion, cause a mistake or deceive a person as to either the affiliation or origin of the services. A.R.S. § 44-1451(A)(1). The court "may grant injunctions to restrain any of such acts [listed in this section] as the court deems just and reasonable." A.R.S. § 44-1451(B)(1).

Federal trademark law is nearly identical to the Arizona statute and also provides for injunctive relief. 15 U.S.C. § 1116. The federal law also states that any such injunction may include a provision directing the defendant to file with the court and serve on the plaintiff a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction, within thirty days after service of such injunction or any reasonable time the court directs. 15 U.S.C. § 1116(a).

    **B.    Ninth Circuit's Factors for Permanent Injunction**

1    A district court cannot issue an injunction unless the moving party satisfies the court
2 that relief is needed because "there exists some cognizable danger of recurrent violation."
3 United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953).  The determination that such
4 danger exists must "be based on appropriate findings supported by the record."  Federal
5 Election Comm'n v. Furgatch, 869 F.2d 1256, 1263 (9th Cir.1989); Fed.R.Civ.P. 65(d). Rule
6 65(d) does not require the district court to make an explicit finding that future violations are
7 likely, but the district court must at least make explicit findings from which a finding of a
8 likelihood of future violations could be inferred.  Furgatch, 869 F.2d at 1263.

9    When finding a likelihood of future violations, the court must look at the totality of
10 the circumstances.  S.E.C. v. Murphy, 626 F.2d 633, 655 (9th Cir. 1980).  The factors for
11 permanent injunction are not individual prerequisites, which is clear from an examination of
12 the cases in which courts have approved the granting of injunctions.  Id. at 656 (citations
13 omitted).

14    Factors that a district court may consider in making this finding include:  1) the
15 degree of scienter involved; 2) the isolated or recurrent nature of the infraction; 3) the
16 defendant's recognition of the wrongful nature of his conduct; 4) the extent to which the
17 defendant's professional and personal characteristics might enable or tempt him to commit
18 future violations; and 5) the sincerity of any assurances against future violations.  U.S. v.
19 Laerdal Mfg. Corp., 73 F.3d 852, 854-855 (9th Cir. 1995) (citing Furgatch, 869 F.2d at 1263,
20 n. 5).

21    Here, Plaintiff PH4 Corporation stated in their Complaint that they are the owners
22 of the trademark SUN CITY and its variations (Dkt. 1, ¶ 1).  The SUN CITY Mark is the
23 subject of numerous federal registrations for the SUN CITY services, and it is also the
24 subject of Arizona state trademark registrations (Dkt. 1, ¶ 11-12).  Further, Plaintiff PH4
25 Corporation stated that they license the SUN CITY Mark to Plaintiff Del Webb, who is the
26 registrant of the trademark in Arizona (Dkt. 1, ¶ 1).  Plaintiffs alleged that Defendants Sun
27 City Real Estate, LLC and Sharon Jones have been offering real estate agency and brokerage
28 services under the mark Sun City Real Estate, which infringes upon Plaintiffs' rights to the

SUN CITY Mark (Dkt. 1, ¶ 16-17). By the entry of default, Defendants admitted all of the well-plead allegations of Plaintiffs' Complaint. Geddes, 559 F.2d at 560. Plaintiffs stated a proper claim against Defendants, and this Court may grant an injunction as it deems just and reasonable. See A.R.S. § 44-1451(B)(1).

However, this Court must consider the Ninth Circuit's factors for issuing a permanent injunction. With regards to factors 1 and 3, Plaintiffs assert that Defendants have "knowingly and intentionally been using the SUN CITY Mark in connection with their real estate agency and brokerage services to reap the benefits of the good will associated with the SUN CITY Mark" (Dkt. 1, ¶ 18). With regards to factors 2 and 5, Plaintiffs also assert that they "have sent numerous cease and desist letters to Defendants demanding that they cease doing business under the SUN CITY Mark" and "Defendants have refused to cease offering real estate agency and brokerage services under the SUN CITY Mark" (Dkt. 1, ¶ 17). Also with regards to factor 5, Defendants did not respond to the Complaint so there have been no assurances against future violations. There is no evidence about the fourth factor, Defendants' professional and personal characteristics that might enable or tempt him to commit future violations.

At the hearing on October 9, 2008, Defendant Sharon Jones stated that she did not contest the permanent injunction, but at the same time she did not believe she was infringing on Plaintiffs' trademark and trade name. After assessing the totality of the circumstances, this Court finds that there is a likelihood of future violations. Murphy, 626 F.2d at 655. Therefore, the Court will issue a permanent injunction because "there exists some cognizable danger of recurrent violation," which is supported by the record. W.T. Grant Co., 345 U.S. at 633; Furgatch, 869 F.2d at 1263; Fed.R.Civ.P. 65(d). The Court will direct Defendants to file with the Court and serve on Plaintiffs a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, within thirty days after service of such injunction or any reasonable time the court directs. See 15 U.S.C. § 1116(a).

**II.    Attorneys' Fees**

- 5 -

1   While under A.R.S. § 44-1451 the court may award a prevailing plaintiff reasonable
2   attorneys' fees only in certain circumstances, under federal law "the court in exceptional
3   cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a);
4   A.R.S. § 44-1451(B)(3)-(4) (prevailing plaintiff will only recover reasonable attorneys' fees
5   if a defendant unauthorizedly uses computer software in a nonpersonal, commercial way or
6   improperly uses a mark in a personal, noncommercial way).  A trademark case is exceptional
7   for purposes of an award of attorneys' fees where the infringement is malicious, fraudulent,
8   deliberate or wilful.  Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1384-85 (9th Cir. 1984)
9   (citing Playboy Enters. v. Baccarat Clothing Co. Inc., 692 F.2d 1272, 1276 (9th Cir.1982)).
10   Here, Plaintiffs have alleged neither that Defendants used an authorized copy of
11  software nor improperly used a mark in a personal, noncommercial way.  Therefore, an
12  awarding of attorneys' fees would not be appropriate under state law.  On the other hand, the
13  Court finds that an exceptional case exists so that reasonable attorneys' fees will be awarded
14  to Plaintiffs under federal law.  Plaintiffs assert that Defendants have "knowingly and
15  intentionally been using the SUN CITY Mark in connection with their real estate agency and
16  brokerage services to reap the benefits of the good will associated with the SUN CITY
17  Mark."  The Court finds that Defendants' infringement of the SUN CITY Mark was
18  malicious, fraudulent, deliberate, or willful.  The parties were unable to come to an
19  agreement regarding fees, and Plaintiffs have filed a motion for attorneys' fees pursuant to
20  LR Civ 54.2.  Defendants have not responded to the motion for attorneys' fees.  The Court
21  has critically analyzed the motion and declarations presented by Plaintiffs pursuant to LRCiv
22  54.2 and finds that the requested amount of $5,919.00 in attorneys' fees is reasonable.  See
23  id. at 1385.

## CONCLUSION

Accordingly,

**IT IS ORDERED GRANTING** Plaintiffs' Motion for Judgment Upon Default (Dkt. 22).

- 6 -

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter Default Judgment against Defendants and in favor of Plaintiffs.

**IT IS FURTHER ORDERED** that Defendants, their agents, servants and employees and all persons in active concert or participation with them are enjoined from:

1. Using, promoting, or advertising the SUN CITY Mark in connection with its real estate agency and brokerage services; and

2. Using the SUN CITY Mark in any way that indicates, suggests, represents or is likely to lead the public or individual members of the public to believe that Defendants are in any manner, directly or indirectly, associated, connected with, licensed, authorized, franchised or approved by Plaintiffs or Plaintiffs' licensees.

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on Plaintiffs a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, within thirty days after service of such injunction.

**IT IS FURTHER ORDERED** that the Court retains jurisdiction over this matter.

**IT IS FURTHER ORDERED GRANTING** Plaintiffs' Motion for Attorneys' Fees (Dkt. 29).

**IT IS FURTHER ORDERED** that Plaintiffs are awarded attorneys' fees in the amount of **$5,919.00**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.

DATED this 1st day of December, 2008.

_____
Stephen M. McNamee
United States District Judge